Ollie M. HENLEY et al., Appellants,

v.

CITY OF DALLAS, Appellee.

No. 19976.

Court of Civil Appeals of Texas, Dallas.

June 29, 1979.

Jack C. Pate, Bob Gorsky, Burleson, Pate & Gibson, Dallas, for appellants.

Carol Laakso, Asst. City Atty., City of Dallas, Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

AKIN, Justice.

This class action under Tex.R.Civ.P. 42 was filed when the City denied a policeman overtime pay earned during the work week in which he was injured. According to the stipulated facts, the policeman in this case was injured in the line of duty on Wednesday after having worked eleven hours on Monday, eight hours on Tuesday, and eleven hours on Wednesday. Under an ordinance of the City he was entitled to salary continuation benefits commencing on Thursday, in addition to workmen's compensation benefits.[1] Because appellant[2] had worked less than forty hours of the week in which he was injured, the City refused to pay him overtime pay for the extra hours worked earlier in the week. Appellant sought a declaratory judgment to construe the relevant sections of the ordinance providing for salary continuation pay and for overtime pay.

The City denied the claim on the ground that overtime pay earned during the work week in which the employee was injured while on duty is not required to be paid when the policeman commences receiving salary continuation pay during that week. The trial judge accepted this view and rendered judgment in the City's favor. Appellant contends that the ordinance providing for salary continuation pay does not affect his right to overtime pay, which is based on a separate ordinance providing for overtime pay computed on a daily basis. We agree with appellant and, accordingly, reverse and render.

The relevant provisions for salary continuation payments are found in Chapter IX of Ordinance No. 13016, as follows:

9.1 Subject to the provisions contained below, an employee who as the result of an injury sustained in the course of his employment with the City of Dallas, is being paid weekly workmen's compensation payments, or would be paid such workmen's compensation payments had his disability continued for a period of more than seven (7) days, will receive salary payments, as injured employee salary continuation payments, separate and distinct from and in addition to the weekly workmen's compensation payments.

9.2 Injured employee salary continuation payments shall be an amount which is equal to the difference between the weekly workmen's compensation benefit payable and the employee's *regular weekly straight time pay*. [Emphasis added.]

The provision for overtime pay is found in section 2.10A(3) of the same ordinance, as follows:

Nonexempt sworn employees of the Police Department and Park Police, who work more than eight hours in one day will either be paid at an overtime rate of one and one-half times their straight time hourly rate or be granted compensatory time for all hours in excess of eight.

Neither party contends that the language of these sections is ambiguous; instead, each insists that the language of sections 9.1 and 9.2 supports their respective interpretations. Additionally, appellant asserts that section 2.10A(3) reinforces his interpretation of sections 9.1 and 9.2.

Appellant argues that nothing in the language of sections 9.1 and 9.2 supports the City's method of computing salary continuation payments so as to divest an employee of earned and vested overtime pay if the employee has worked less than 40 hours in the work week in which he becomes entitled to receive salary continuation payments under section 9.2. We agree. We perceive no

1. Salary continuation pay under sections 9.1 and 9.2 is the difference between weekly workmen's compensation payments and the employee's regular weekly straight time pay.

2. Appellant and others in this situation are classified as "Non-exempt sworn employees."

justification for the denial of vested overtime pay from the language of section 9.2, which states that salary continuation payments shall be computed on the employee's regular weekly straight time pay. Nothing in this section mentions overtime pay nor suggests that it be denied under these circumstances. In our view, since the salary continuation payments commenced on Thursday, these payments should be viewed prospectively from that date. Whether the employee had worked overtime earlier in the work week is immaterial to the amount of his salary continuation payments.

This view is supported by section 2.10A(3) which provides that officers who work more than eight hours in one day are entitled to receive overtime pay at one and one-half times their straight time hourly rate. As we read section 2.10A(3), overtime pay is computed and vested on a daily basis rather than on a weekly basis. This supports appellant's interpretation of section 9.2. We conclude and hold that section 9.2 does not permit the City to divest appellant of his earned overtime pay under section 2.10A(3) merely because he became eligible to receive salary continuation pay under section 9.2.

The City contends, nevertheless, that it does not have to pay overtime pay to employees who become eligible to receive salary continuation payments because section 2.10A(3), defining overtime pay, does not apply to section 9.2 which determines salary continuation pay. We agree that section 2.10A(3) is separate and apart from section 9.2 and need not be resorted to in order to construe the language of section 9.2. It does, however, show the intent of The Dallas City Council not to divest employees of overtime pay when an employee becomes eligible to receive salary continuation payments.

The City next argues that it has no obligation to pay the employee overtime pay at time and one-half, in addition to the salary continuation payments, because the salary continuation payments make the employee whole in the sense that they bring him up to a normal weekly salary, even though he has worked less than a 40-hour week. We cannot agree with this contention because nothing in the language of section 9.2 supports such a construction. Indeed, section 9.2 specifically provides that salary continuation payments are to be calculated on the basis of the "employee's *regular weekly straight time pay.*" No mention is made of overtime pay nor of denying overtime pay when an employee is injured in the middle of a work week.

Finally, we take judicial notice of the hazardous working conditions policemen face. Here, appellant suffered his injury in the line of duty. From a policy viewpoint, we do not believe that the ordinances of The City of Dallas should be construed so as to minimize the amount of compensation that vital employees such as policemen receive.

We hold that appellant and others similarly situated may not be divested of their overtime pay when they receive salary continuation payments, and under the present City of Dallas ordinance, the City must compute salary continuation payments without regard to overtime pay already earned and vested by employees. Accordingly, the judgment of the trial court is reversed and judgment here rendered that the City of Dallas pay earned overtime pay to all members of the class of officers similarly situated in accordance with this opinion.